# EXHIBIT A

Filing Attorney:     Matthew H. Mueller
Attorney ID:         042202010

**CLEMENTE MUELLER, P.A.**
**ATTORNEYS AT LAW**
**A PROFESSIONAL CORPORATION**
222 Ridgedale Avenue
Post Office Box 1296
Morristown, New Jersey 07962-1296
(973) 455-8008
Attorneys for Plaintiffs
Our File No. 5042.5042

| | |
|---|---|
| JACQUELINE JACKSON,<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART INC.,<br>JOHN DOES 1-10,<br>JOHN DOE CORPORATIONS 1-10,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>UNION COUNTY<br><br>Docket No.:<br><br>**Civil Action**<br><br>**COMPLAINT, JURY DEMAND,<br>AND DESIGNATION OF TRIAL<br>COUNSEL** |

Plaintiff, Jacqueline Jackson, residing at 641 Cumberland Street, Westfield, New Jersey, 07090, within the County of Union, and the State of New Jersey, for her Complaint, says:

**BACKGROUND AND PARTIES**

1. At all times relevant to this litigation, Plaintiff Jacqueline Jackson is and was a natural person residing at 641 Cumberland Street, Westfield, New Jersey, 07090, within the Town of Westfield, and within the County of Union.

2. At all times relevant to this litigation, the Defendant, Walmart Inc., is and was a corporation, limited partnership, limited liability company, or other business entity, doing business as "Walmart" at 1501 US-22, Watchung, New Jersey, 07069, within the County of Union.

3. The Defendants John Does 1-10, and John Doe Corporations 1-10 are natural persons or fictitious partnerships or limited liability business entities organized pursuant to the

laws of the State of New Jersey, or another state or jurisdiction, who were the owners of the property located at 1501 US-22, Watchung, New Jersey, 070697, who did business as "Walmart" at 1501 US-22, Watchung, New Jersey, 07069, or who were otherwise responsible for the maintenance of the property 1501 US-22, Watchung, New Jersey, 07069, or who caused or created the condition that caused the Plaintiff to fall thereon, or whom were otherwise responsible for the Plaintiff's injuries, but whom the Plaintiff cannot identify.

4. On or about May 6, 2018, the Defendant, Walmart Inc., was the owner or manager of the property located at 1501 US-22, Watchung, New Jersey, 07069, doing business under the name "Walmart," or was otherwise in control of said property, and responsible for the maintenance thereof.

5. On or about the afternoon of May 6, 2018, the Plaintiff Jacqueline Jackson was lawfully on the premises of the premises known as "Walmart," located at 1501 US-22, Watchung, New Jersey, 07069.

6. At the aforesaid date and time, and for some time prior thereto, the aforesaid Defendants, acting personally and/or by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently created or allowed dangerous and defective condition(s), including but not limited to, a rug, carpet, or other matter or linen laid over the threshold of an automatic door, to remain on the premises for an unreasonable period of time.

7. At the aforesaid date and time, as a direct and proximate result of the aforesaid Defendants' negligence, carelessness, failure to inspect their property, failure to warn of dangerous conditions on their property, and other improper conduct, Plaintiff Jacqueline Jackson was caused to fall down on said dangerous condition which was present on the aforesaid property.

8. As a direct and proximate result of the aforesaid Defendants' negligence, carelessness, recklessness, and other improper conduct, at the aforesaid date, time and place, Plaintiff Jacqueline Jackson was caused to fall, and thereby sustained and suffered painful and permanent injuries in and about her body, great pain and mental anguish, and will continue to suffer the same in the future, and was obligated and will be obligated in the future to expend large sums of money to affect a cure for the injuries, pain, suffering and mental anguish, and will continue to suffer loss of wages and other economic and non-economic expenses.

## COUNT ONE
## NEGLIGENCE / PREMISES LIABILITY

9. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if same were set forth at length herein.

10. At all times hereafter mentioned and for some time prior thereto, the aforementioned defendants were responsible for the maintenance of the premises and to make the property or premises reasonably safe.

11. The aforementioned Defendants had an obligation to inspect the premises or property and warn any persons lawfully or unlawfully on the property of defects and dangerous conditions and/or repair or otherwise rectify such dangerous conditions.

12. At the aforementioned date and time, or for some time prior thereto, the aforementioned defendants, acting personally and/or by and through their agents, servants, workmen and/or employees, acting as aforesaid, caused the aforesaid dangerous condition, or otherwise carelessly and negligently failed to maintain the property and allowed the property to remain in a dangerous and defective condition, for an unreasonable period of time which caused bodily injury to the plaintiff, or otherwise created the dangerous condition.

13. At the aforementioned date and time, Plaintiff Jacqueline Jackson was lawfully

upon said premises or property and while exercising due caution for his own safety was caused to fall and injure herself.

14. The Defendants created the condition, and/or had actual and/or constructive notice of the condition.

15. As a direct and proximate result of the aforesaid Defendants' negligence, carelessness, recklessness, and other improper conduct, at the aforesaid date, time and place, Plaintiff Jacqueline Jackson was caused to fall, and thereby sustained and suffered painful and permanent injuries in and about her body, great pain and mental anguish, and will continue to suffer the same in the future, and was obligated and will be obligated in the future to expend large sums of money to affect a cure for the injuries, pain, suffering and mental anguish, and will continue to suffer loss of wages and other economic and non-economic expenses.

WHEREFORE, Plaintiff Jacqueline Jackson demands judgment against Defendants either jointly, severally or in the alternative, for damages both compensatory and punitive, together with interest, cost of suit, attorneys' fees and any other remedies the court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Matthew H. Mueller is hereby designated a trial counsel for the Plaintiff(s) in the captioned matter pursuant to rule 4:25-4.

## CERTIFICATION OF ENTIRE CONTROVERSY

It is hereby certified pursuant to Rule 4:5-1, that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration proceeding and no such action or arbitration proceeding is contemplated.

**DEMAND FOR ANSWERS TO FORM INTERROGATORIES**

Plaintiffs demand of all Defendants to provide answers to Form C and Form C(2) interrogatories.

CLEMENTE MUELLER P.A.<br>
Attorneys for Plaintiff<br>
<br>
By: s/ Matthew H. Mueller<br>
[electronic signature pursuant to R. 1:32-2A(c)]<br>
Matthew H. Mueller

Dated:     April 30, 2020

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH            NJ 07207
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    APRIL 30, 2020
                        RE:      JACKSON JACQUELIN   VS WALMART INC.
                        DOCKET:  UNN L -001439 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ALAN G. LESNEWICH

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:   (908) 787-1650 EXT 21493.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: MATTHEW H. MUELLER
                                    CLEMENTE MUELLER PA

                                    PO BOX 1296
                                    MORRISTOWN        NJ 07962


ECOURTS
```

JACQUELINE JACKSON     Plaintiff

vs.

WALMART INC., ET AL     Defendant

Superior Court of New Jersey
Law Division
Union County
Docket Number: UNN-L-001439-20

**Person to be served** (Name & Address):
WALMART INC.
1501 US-22
WATCHUNG, NJ 07069

## AFFIDAVIT OF SERVICE

(For Use by Private Service)



STS2020015767

**Attorney:**
Matthew Mueller, Esq.

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Papers Served:** Summons, Complaint, Jury Demand, Designation Of Trial Counsel, Certification Of Entire Controversy, Demand for Answers to Form Interrogatories, CIS, Track Assignment Notice and Lawyers Referral List

**Service Data:**

Served Successfully __X__  Not Served ____  Date: 5/7/2020   Time: 11:11 am   Attempts: ____

____ Delivered a copy to him / her personally

____ Left a copy with a competent household member over 14 years of age residing therein

Name of Person Served and relationship / title:

Diana Nya

Managing Agent

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**

Sex: F   Age: 40+   Height: 5'7"   Weight: 165   Skin Color: Black   Hair Color: Black

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on 5/12/2020 by the affiant who is personally known to me.

_(signature)_
NOTARY PUBLIC

MARYELLEN SUSCREBA
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV. 15, 2020

I, Marnie Suscreba, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_(signature)_  5/12/2020
Signature of Process Server   Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2020015767
Ref: 5042